Case 21-2656, Document 54-2, 04/05/2022, 3291456, Page1 of 37

Wende Correctional Facility

March 27, 2022

Attn: Hon. Clerk of the Court
United States Court of Appeals
For the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

RECEIVED
2022 APR -4 AM 10:29
CLERK'S OFFICE
U.S. COURT OF APPEALS

Re: Poulos V. County of Warren, et al.
   Case No. 21-2656

Dear Clerk of the Court,

I am the Plaintiff-Appellant in the above-referenced Matter.

Enclosed Please Find my Formal written Request to the Court to invoke and exercise my right to Proceed <u>Pro Se</u> in the above-referenced matter, and to File my own main Brief in Place of the brief that's been Filed by counsel, or, in the alternative, if it would Please the Court, to either be Permitted to File a <u>Pro Se</u> Supplemental brief in

this matter, or for the Court to accept the enclosed letter as a Letter Brief in supplement of counsel's Main Brief.

Please know that at the current moment, due to repeated prison transfers by Doccs and other factors beyond my control, I do not have access to a Law Library, to copy and serve the enclosed Request upon the Plaintiff's Counsel, and Defendants' Counsel. As such, I respectfully request that a copy of this letter be sent to the other attorneys in this matter, and placed in the Court's Docket for its consideration.

Also, Please know that Law Library access, or lack thereof, will <u>not</u> be a factor in my ability to represent myself, or file a <u>Pro Se</u> Supplemental Brief, as I have already compiled all of the research and case law necessary to write and Prosecute my appeal, and in the event that I do continue to be denied access to the Law Library, I can just send my brief out of the facility to be copied and served, and filed with the Court. Moreover, I believe that the Esteemed

Justices of this Court can determine for themselves how qualified I am to File a very compelling and competent Pro se brief / in this matter, based upon my enclosed letter to the Court.

My mailing address is as follows:

Tyson A. Poulos,
DOCCS DIN No. 14A3688
Wende Correctional Facility
Wende Road, P.O. Box 1187
Alden, New York 14004-1187

I thank you in advance for your attention to this very important matter.

Respectfully Submitted,

T. Poulos,
Plaintiff-Appellant

* Declaration of Inmate Filing can be found at Page No. 31.

Case 21-2656, Document 54-2, 04/05/2022, 3291456, Page4 of 37

Wende Correctional Facility
Wende Road, P.O. Box 1187
Alden, New York 14004-1187

March 17, 2022

Attn: United States Court of Appeals
for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re: Poulos v. County of Warren, et al.
Case No. 21-2656

Dear Esteemed Justices,

I am the Plaintiff-Appellant in the
above-referenced matter.

I write at this time to respectfully
request that the Court accept this
letter as my formal request to invoke
my right to proceed Pro Se in the
above-entitled matter, and to be
permitted to file my own brief
in place of the brief filed by my
current counsel, Mr. Philip M. Hines,
Esq.

RECEIVED 2022 APR -1 AM 10:30

Case 21-2656, Document 54-2, 04/05/2022, 3291456, Page5 of 37

More Specifically, I would like to invoke my right to self-representation in the matter of this very important appeal, but I condition this request upon my equally important and closely related request to be permitted to file my own brief, in place of the brief that's been filed on my behalf, by counsel. Alternatively, and most preferably, please know that if it would please the Court I am more than willing to continue proceeding with the void of counsel, if this Court would permit me to file a Pro Se supplemental brief in this matter, in the interest of justice. My grounds for these requests are manifold, and are as follows:

Initially, please know that I did not have an adequate and meaningful opportunity to review, fact-check, and go over the brief filed with the Court by my attorney, and to offer crucial input and feedback, before the brief was filed, even though the Court - recognizing the importance of this - did grant my

Case 21-2656, Document 54-2, 04/05/2022, 3291456, Page6 of 37

attorney a brief extension for that purpose.

My attorney attempted to e-mail me a draft of the brief for my review before he filed it, on January 26, but DOCCS Prison officials illegally and maliciously blocked it for well over a month until significantly after the brief had ultimately been filed, ostensibly because they did not like the fact that it named corrections officers as Defendants. After my attorney realized what was happening he then sent me a hard copy of the brief through the U.S. Mail, which I didn't initially receive. And then, before I could receive it, DOCCS then hit me with what amounted to its second retaliatory prison transfer of me since December, on February 7. In an effort to protest the repeated retaliatory prison transfers wherein DOCCS officials would also steal and/or destroy and/or cause me to lose all of my personal property (including my

Case 21-2656, Document 54-2, 04/05/2022, 3291456, Page7 of 37

typewriter) each time anew, and various other rampant, blatant violations of my Constitutional rights, at that Point I ended up going on a hunger strike, and thereafter was essentially legally incapacitated in the Facility Medical Infirmary, at Elmira Correctional Facility, for over a month. While legally incapacitated in the Facility Medical infirmary without access to the Law Library, and also without access to my Property, legal work, writing supplies, Pen, Paper, or tablet, I then finally received the hard copy of the draft that my attorney had sent to me, on February 9, Just two days before the filing deadline. I Point out that, while in the infirmary, I was only allowed to make a total of two 10 to 15 minute calls, Per week. I did speak to my attorney very briefly about the brief on February 10, but unfortunately due to the extremely restrictive circumstances of my confinement

Case 21-2656, Document 54-2, 04/05/2022, 3291456, Page8 of 37

I was not able to go through much of the brief with him at that time. This ultimately resulted in a brief being filed that contained certain factual errors, inaccuracies, and/or mistakes, and other crucial omissions, which, if denied the relief requested therein, the defendants will potentially be able to twist and exploit in an effort to deny me long-overdue justice and/bring about an unjust result here, to the detriment of my constitutional rights.

Another major consideration implicit in my request is both the Court's and/society's interest in reaching the correct result here. The questions presented in this appeal have never been specifically answered by this Court before, and I cannot emphasize enough the crucial need and importance of Plaintiff's case being adequately briefed and addressed in this matter, in order to ensure that the Court is not

Page No. 9

misled. And while my attorney did make some very compelling points in his brief, it did contain mistakes and omissions that could Potentially be exploited if I am not allowed to either file a Pro se supplemental brief to fill in the blanks and Patch up the holes, or go Pro se and file my own brief in its place. Although I am not an attorney, I do have some legal training. See, e.g., People v. Poulos, 144 A.D.3d 1389, 1392 (3rd Dpt. 2016), and I am very confident in my ability to write a more compelling brief in this matter, than most licensed attorneys.

As example, although my attorney correctly Pointed out, in Point VI of his brief - that favorable termination should be the accrual date for my conspiracy claims, which is based upon a conspiracy to maliciously Prosecute and also a conspiracy to fabricate evidence, and deny a fair trial, he improvidently based that argument on largely irrelevant case law about "overt acts", and the defendants are likely to second that charade in an

Case 21-2656, Document 54-2, 04/05/2022, 3291456, Page10 of 37

attempt to lead the Court down that same rabbit hole (i.e., in an ostensibly bad-faithed attempt to lead the Court in the wrong direction, when they respond, just as they have already done, with unjustified success, at the District Court level). Thus, neither attorney in this action is likely to make the appropriate and correct argument, which is that favorable termination can be the only tenable accrual date for my conspiracy to maliciously prosecute and conspiracy to deny a fair trial claim (i.e., premised upon fabrication of evidence), as success on such a claim would undoubtedly had impugned any subsequent conviction on the underlying aggravated harassment of an employee charges, if I had brought the claim sooner, in blatant violation of clearly-established controlling Supreme Court precedents which have been the law of the land in this Country for nearly three (3) decades now. See, e.g., Heck v. Humphrey, 512 U.S. 477, 484-485 (1994), and McDonough v. Smith,

Case 21-2656, Document 54-2, 04/05/2022, 3291456, Page11 of 37

139 S.Ct. 2149 (2019). As reaffirmed once again by the United States Supreme Court, in McDonough v. Smith:

"The Favorable termination requirement, the Court explained, applies whenever 'a judgment in favor of the plaintiff would 'necessarily imply' that his Prior conviction ... was invalid."

Id., at 2157, citing Heck at 487.

For this same reason, Plaintiff's False imprisonment claim in the instant matter, which is based upon the theory of fabrication of probable cause as espoused by the United States Supreme Court in Manuel v. City of Joliet, 137 S.Ct. 911 (2017), is also timely and could not viably have accrued before favorable termination. Moreover, I also point out that it would be improper to have brought a conspiracy to maliciously Prosecute claim, or a conspiracy to fabricate evidence and deny a fair trial claim, before the actual underlying

Case 21-2656, Document 54-2, 04/05/2022, 3291456, Page12 of 37

claims themselves had accrued.
For example, it is already
well-settled in this Circuit that
"[IF] a Plaintiff fails to show
an underlying constitutional violation
upon which to base a Section 1983
conspiracy claim, the conspiracy claim
fails as a matter of law". (See,
Cameron v. Wise, 2011 WL 1496341
(S.D.N.Y., April 20, 2011) (emphasis
added), citing Curley v. Vill of
Suffern, 268 F.3d 165, 72
(2nd Cir. 2011) (which stated:
"Since Plaintiff cannot establish a
claim for false arrest or use of
excessive force, he may not maintain
a separate § 1983 cause of action
for conspiracy"), citing Singer v.
Fulton County Sheriff, 63 F.3d 110,
119 (2nd Cir. 1995). Here, the Defendants
conceded, at Page No. 9 of their MOL
at the District Court level, that
Plaintiff's malicious Prosecution and
Fair Trial claim was not time barred,
as both of these underlying causes
of action, upon which Plaintiff's
conspiracy claim is based,
undoubtedly accrued upon Plaintiff's

Case 21-2656, Document 54-2, 04/05/2022, 3291456, Page13 of 37

January 29, 2018 acquittal of the allegedly-fabricated charges. And therefore, because, "as a matter of law", Plaintiff's conspiracy to maliciously prosecute claim was not complete and would had "failed" at any point prior to the actual accrual of the underlying malicious prosecution claim, and because Plaintiff's conspiracy to deny a Fair Trial claim was not complete and would had "failed as a matter of law" at any point prior to the actual accrual of the underlying Fair Trial claim, by operation of law Plaintiff's claims vis-a-vis a conspiracy to maliciously prosecute and deprive him of a Fair Trial could not possibly had accrued until those two underlying claims accrued, all at the same time, upon Plaintiff's January 29 2018 acquittal. Moreover, it also bears mentioning that to hold otherwise would also create the untenable result where a Plaintiff could circumvent the favorable termination element and requirement antecedent to malicious prosecution claims altogether, by simply

Page No. 14

Pleading his Malicious Prosecution claim as a Conspiracy to Maliciously Prosecute claim.

As demonstrated above, these are the correct arguments that need to be briefed in this matter, where the Court has never specifically answered the question of when a Conspiracy to Maliciously Prosecute claim, or when a Conspiracy to fabricate evidence and deny a fair trial claim, accrues, and the Court's Decision in this case is going to become Landmark Precedent in this Circuit, Paving the way and Providing guidance and instruction for Future courts and litigants.[1]

Footnote No. 1 - Such a Precedent is ostensibly needed in this Circuit, where in the absence of such specific guidance the court below ruled that the accrual date for Plaintiff's conspiracy to Maliciously Prosecute claim was determined by "overt acts" and not the Heck rule, and that it accrued in 2014 - well before the Malicious Prosecution claim itself had accrued.

Case 21-2656, Document 54-2, 04/05/2022, 3291456, Page15 of 37

Similarly, in this same vein, the Court will also have to answer the novel question of when a False imprisonment claim that is premised upon a fabrication of Probable cause theory accrues, and as demonstrated above, neither of the attorneys in this matter will make the appropriate Heck argument.

An equally novel and extremely consequential question that the Court will be tasked with answering in this appeal, is whether an inmate who was maliciously prosecuted For new, fabricated criminal charges while already in Jail can ever, under any circumstances, demonstrate the deprivation of a liberty interest, consequent of the new malicious Prosecution. The Court below, relying upon other, significantly distinguished District Court decisions, seemed to reach the untenable conclusion that no inmate can ever establish the deprivation of a liberty interest. I believe that my attorney made the proper compelling legal argument

<u>Page No. 16</u>

in this regard, but without my crucial input and feedback ~~crossed out~~ he seemed to stumble on the facts. Nevertheless, the facts, as plausibly pleaded in my SAC, do demonstrate that I did in fact suffer several extremely egregious deprivations of my liberty interests consequent of the new/malicious prosecution, but the District Court erred in failing to take cognizance of those plausibly pleaded factual allegations. As/such, I believe that some clarification is in order here, which apparently only I can provide.

It was plausibly pleaded in my SAC that on April 4, 2014, I was ROR'd on the drug charges that I was initially in jail/for/at the time when I was allegedly framed for the allegedly-fabricated aggravated harassment of an employee by inmate charges, but that/I continued to remain wrongly imprisoned by Warren County, at the/warren county jail, solely/as a result of the/allegedly-fabricated aggravated harassment of

an employee by inmate charges
(see SAC, at Par. 89).
However, the SAC failed to clarify
For exactly how long that First BOB
had lasted For, and my attorney
wrote -- in his brief Filed with
this Court -- that there was some
"confusion" as to how long it lasted
For. Thus, I would be able to
clarify with specificity, at least in
a Footnote, that that First BOB
lasted From April 4, 2014,
to April 30th, 2014.

It was plausibly pleaded in my SAC
that I was wrongly convicted of the
~~confused~~ allegedly-Fabricated
aggravated harassment of an
employee by inmate charges on
August 8, 2014 (see SAC,
at Par. 90), and that on August 13,
2014 I was sentenced to an
aggregate of ten years in state prison
as a result of my wrongful convictions
on the Fabricated charges (see SAC,
at Par. 91), and that on or around
the day after I was sentenced to
ten years in state prison For the

Page No. 18

allegedly-fabricated aggravated harassment charges, I was then once again BOB'd on the drug charges (see SAC, at Par. 94), and that when I was initially sent to state Prison - in August of 2014 - it was solely based on my wrongful convictions stemming from the Malicious Prosecution for the fabricated criminal charges in the instant matter (see SAC, at Pars. 96-97). Obviously, the District Court completely disregarded all of these Plausibly Pleaded, material facts in reaching its conclusion that I allegedly did not suffer the deprivation of a liberty interest in the instant matter - consequent of the new Malicious Prosecution, which was error. Nevertheless, I feel that an offer of Proof should be made here.[2] For example,

Footnote No. 2 - I have attached three (3) exhibits to this letter, merely as an informal offer of Proof, simply because the court below inexplicably failed to take cognizance of the Plausibly Pleaded factual allegations in my SAC.

Page No. 19

attached hereto as Exhibit A,
I attached a document demonstrating
that I was indeed BOB'd again
on the drug charges, in August of
2014. Attached thereto as
Exhibit B, I also have attached
documentation from the New York State
Department of Correctional Services,
demonstrating that after the
August 2014 BOB on the drug charges,
my time did not begin to count again
towards the drug charges until I
was sentenced in that case,
in June of 2016, meaning that I remained
wrongfully imprisoned in DOCCS solely
on account of the allegedly-fabricated
aggravated harassment of an employee
by inmate charges, from August of 2014,
to June of 2016 when I was
sentenced in the drug case, constituting
approximately two entire years of
wrongful imprisonment in DOCCS
that I suffered as a result of the
instant malicious prosecution.

Of course, as this Court has
Previously Pointed out in Murphy v.
Lynn, 118 F.3d 938, at 945, "The

Page No. 20

liberty deprivations regulated
by the Fourth Amendment "are not
limited to Physical detention".
(emphasis added). And here,
the Court has the opportunity to
clear up some apparent confusion
amongst some of the District Courts
in this circuit, which resulted
in the court below absurdly holding
that because "Plaintiffs Complaint
makes clear that he was in Prison
[sic] before the alleged incident and
following his acquittal for unrelated
drug charges ③ ... Plaintiff therefore
cannot allege a deprivation of liberty
and cannot allege any constitutional
violations." (emphasis added). In so
holding the Court below completely

Footnote No. 3 - Although inapposite to the
Point now being made, actually, Plaintiff was
only a Pretrial detainee at a local detention
facility "before the incident", and was
subsequently ROR'd two times on those
"unrelated drug charges", and spent
approximately two years in Prison
solely as a result of the instant
fabricated charges.

disregarded rampant plausibly
pleaded derrivations of my liberty
interests, which I suffered as a
result of the instant malicious
prosecution, in blatant contravention
of this Court's holding in Murphy.
For example, it was plausibly pleaded
that I was subjected to over
$5,000.00 worth of various different
fines and fees which were maliciously
attached to my state prison inmate
account, at a time when I was
indigent, so that all monies that
would be sent to me while wrongly
imprisoned in Doccs on the fabricated
charges would be "unjustly seized"
and sent to the Defendant,
Warren County (see SAC, at Pars. 91,
and 98), which by itself constituted
an unconstitutional seizure,
in violation of my fourth Amendment
liberty interests, does it not?
It was further plausibly pleaded
that this resulted in me spending
approximately two entire years
while wrongfully imprisoned in Doccs
on the fabricated charges
without ever being able to purchase

Case 21-2656, Document 54-2, 04/05/2022, 3291456, Page22 of 37

even so much as a stick of deodorant, or other rudimentary hygienic products, or food, or even stamps to maintain communication with my family, thus rendering my time in state prison on these False charges atypically and significantly harsher than usual, and depriving me of my liberty interests arising under the Eighth Amendment (see SAC, Pars. 97-99)[4]. It was further plausibly pleaded that due to the nature of the fabricated charges for which I was then wrongfully imprisoned in DOCCS, I was repeatedly singled out and targeted for abuse, harassment and beatings by the guards in state prison, including one such

Footnote No. 4 - ~~xxxx~~ This Court also clarified in Murphy v. Lynn, at 944-945, that the deprivation of any Constitutional right suffered as a result of a criminal Prosecution "has Fourth Amendment relevance", and will suffice to satisfy the Fourth Amendment deprivation of liberty Prong of a Plaintiff's Section 1983 Malicious Prosecution claim.

instance that resulted in me sustaining
multiple rib fractures and ~~████████~~
vertebrae damage, again resulting in
a deprivation of my Eighth Amendment
liberty interests (see SAC, at
Par. 101). It was further plausibly
pleaded that I lost my very important
pretrial detainee rights and status
in the drug case, as a result of
my wrongful convictions vis-a-vis
the instant malicious prosecution
for the fabricated jail charges
(see SAC, Pars. 94, 102),
which again was also a very
significant degradation of my liberty
interests. To this end, it bears
mentioning that <u>even if</u>, arguendo,
I had not been RoR'd again on the drug
charges in August of 2014, and <u>even if</u>,
<u>arguendo</u>, the time in the drug case had continued
to run, it was still plausibly pleaded
that I remained wrongly imprisoned in the
generally far more restrictive and harsh
New York State Prison System -
a far more restrictive level of confinement
designed for the <u>Punishment</u> <u>of</u> <u>convicts</u>
as opposed to the mere pretrial
detention of detainees still presumed to be

Page No. 24

innocent - from August of 2014 to June of 2016, solely as a result of my wrongful convictions for the false aggravated harassment of an employee by inmate charges (see SAC, at Pars. 94, 96-97, 102, 105), which again constituted yet another level of wrongful confinement and a very consequential degradation of my liberty interests. It was also plausibly pleaded that my eventual consecutive sentence in the drug case was extended, based upon my now-overturned convictions in the instant matter (see SAC, at Pars. 103-104), in violation of my liberty interests. It was also plausibly pleaded that I incurred an over $40,000.00 loss, in having to defend against the vexatious, malicious prosecution (see SAC, at Par. 106), degrading and depriving me of my property interests, in violation of my liberty interests. It was also plausibly pleaded that I suffered a permanent impairment of earning capacity (see SAC, at Par. 137), due to the egregious injury to reputation and prima facie defamation

Page No. 25

that I suffered as a result of
having to defend against the
vexatious, malicious prosecution.
Taken together, it is clear that your
Plaintiff-Appellant in the instant
matter has suffered far more severe
and life-altering deprivations of his
liberty interests) than the Plaintiff
in Murphy v. Lynn, notwithstanding
the fact that he was "an inmate",
for various different reasons, at various
different points in time.

My fear is that, if this Court were to
hold that prison guards who frame and
maliciously prosecute inmates cannot be
sued for malicious prosecution and
held accountable, merely because the
Plaintiff was "an inmate", or more
specifically, that an incarcerated
Plaintiff should not be permitted the
same liberty-interests factual analysis
as that which was afforded to the
non-incarcerated Plaintiff in Murphy v.
Lynn, it will undoubtedly serve to
encourage the type of abuse and
misconduct alleged herein, in some
very dark quarters of this Circuit.

Page No. 26

And to make no mistake about it,
as ridiculous as that may now
sound, that is exactly how
the very crafty defense counsel
in this case is going to be
asking the Court to rule in this
matter. Just as he did, with
success, at the District Court level.
Which is why I now feel a
tremendous weight on my shoulders
as the Plaintiff-Appellant in the
matter of this very important,
consequential appeal, i.e., because
I know what the devastating
consequences of that will be
all too well, and I am not sure
that I feel comfortable ceding all
control in this extremely complex,
fact-intensive appeal to an attorney
who may potentially be coming across
as not knowing the facts of his
own case, which in turn opens the
door for the defendants to twist
the facts, as they did so skillfully
at the District Court level.
Accordingly, if it would please the
Court I would strongly prefer to
continue proceeding with the aid of

Page No. 27

counsel, if I can file a _Pro se_
supplemental brief, or even merely
if _this_ _letter_ can be accepted
and treated by the Equitable
Court as a Letter Brief in support
and supplement of counsels Main
Brief (which solution would
Presumably be quicker, easier and
less burdensome on the Court),
but absent this relief Please Know
that I am seeking unequivocally
to invoke my right to be _Pro Se_
and file My own brief in this
matter.

And finally, in the event that this
letter cannot be accepted and treated
as a Letter Brief by the Court,
I would also like to very briefly
address, in a Brief, or, in a
_Pro se_ supplemental Brief, the
following two Points, which my
attorney did not address:

1.) To the extent that
the Court below dismissed
Plaintiffs Denial of a Fair Trial Claim
on the ground that he allegedly

Case 21-2656, Document 54-2, 04/05/2022, 3291456, Page28 of 37

Failed to plead a deprivation of a liberty interest, it is important to note that even if, arguendo, that were true, this claim can also be satisfied by the showing of a deprivation of a property interest, which Plaintiff has pleaded in spades (See, SAC, at Pars. 91; 98; 106). See, e.g., Garnett v. Undercover Officer C0039, 838 F.3d 265, 279 (2nd Cir. 2016) (Holding that a Plaintiff states a claim for denial of his right to a fair trial when he shows that an official fabricates information likely to influence a Jury's verdict, forwards that information to prosecutors, and "Plaintiff suffers a deprivation of life, liberty, or property as a result") (emphasis is Plaintiff's).

2.7 With respect to the District Court's denial of Plaintiff's request for leave to amend the Complaint, it should be noted that "When a Motion to dismiss is granted, the usual Practice is to grant leave to amend the Complaint." See Ronzani v. Sanofi S.A., 899 F.2d 195, 198 (2nd Cir.

Page No. 29

1990); accord Alexander V. Cuomo,
2018 WL 2041576 (N.D.N.Y.,
February 26, 2018). "If the
underlying facts or circumstances
relied upon by the party seeking
leave to amend may be a proper
subject of relief, the party should be
afforded the opportunity to test the
claim on its merits". Eldridge V.
Rochester City School Dist., 968
F. Supp. 2d 546, 553 (W.D.N.Y.,
2013), citing United States ex rel.
Maritime Admin. V. Cont'l Ill. Nat'l Bank
and Trust Co. of Chicago, 889 F.2d 1248,
1254 (2nd Cir. 1989); See also Middle
Atlantic Utilities Co. V. S.M.W.
Development Corp., 392 F.2d 380,
at 384-385 (2nd Cir. 1968). It is
respectfully submitted that even if
this court determines that one or more
of Plaintiff's claims have been
inadequately pleaded, what is clear here
is that the underlying plausibly pleaded
facts and circumstances upon which
Plaintiff relies do furnish a proper
subject of relief, and he should
therefore be afforded the opportunity
to test his claim on its merits.

Page No. 30

In the event that the Court don't accept this letter as a Letter Brief to supplement counsel's Main Brief, but instead grants my request to File a Pro Se Supplemental Brief, or to go Pro Se and File my own Main Brief, Please know that I respectfully request to be furnished with a copy of the Appendix in this matter.

I thank the Court in advance for its consideration and attention to this very important matter.

Respectfully Submitted,

T. Poulos,
DOCCS DIN No. 14A3688
Wende Correctional Facility

Wende Correctional Facility

March 27, 2022

Attn: United States Court of Appeals
For the Second Circuit

Re: Declaration of Inmate Filing
Poulos V. County of Warren, et al.
Case No. 21-2656

I am an inmate confined in an institution.
Today, March 27, 2022, I am depositing
the attached and incorporated formal
request to invoke and excercise My right
to Self-representation in this Mattery
and for various other alternative relief,
in the institution's internal Mail system.
Postage for Certified Mail is being prepaid by
Me.

I declare under the Penalty of Perjury that
the foregoing is true and correct, in
accordance with 28 U.S.C. § 1746, and
18 U.S.C. § 1621.

Tyson A. Poulos

Signed and Sworn to on 3-27-22

## Exhibit A

Re: Document dated August 19, 2014, demonstrating that Plaintiff was once again RoR'd on the drug charges, on or around the day after he was sentenced to ten(10) years in state prison for the maliciously fabricated aggravated harassment of an employee by inmate charges in the instant matter, and thus that, contrary to the District Court's holding below, he did _Not_ remain imprisoned on the unrelated drug charges for the entire duration of the malicious prosecution in the instant matter.

# Robert Gregor, Esq.

3 Lake Avenue
Lake George, NY 12845
Phone: (518) 222-1535
Fax: (518) 615-1243
Robert_Gregor@yahoo.com

August 19, 2014

Honorable John S. Hall, Jr. (via hand delivery only)
Warren County Court
1340 State Route 9
Lake George, NY 12845

Re: *People v. Tyson A. Poulos (2014-080-I)*

Judge Hall:

This letter is in response to your decision to release Mr. Poulos on his own recognizance with respect to the above referenced indictment. After consulting with Mr. Poulos, the defense objects to the Court's decision and respectfully requests that the Court reconsider its decision and maintain bail at previous levels. The defense notes that releasing Mr. Poulos on his own recognizance effectively ends his time in Warren County Jail and begins his time in the New York State prison system. This complicates communications between Mr. Poulos and defense counsel and could hinder counsel's ability to effectively prepare for Mr. Poulos' trial on the above referenced indictment.

Thank you for your time and consideration in this matter. I am available to discuss at the Court's convenience.

Sincerely,

Robert Gregor, Esq.

With copies to:
Matthew D. Burin
Tyson A. Poulos

## Exhibit B

Re: Plaintiff-Appellant's DOCCS' Time
Computation Sheet for the unrelated drug
charges, together with an attached and
incorporated Memorandum from a DOCCS
Inmate Records Coordinator, demonstrating
that following Plaintiff-Appellant's
August 2014 ROR on the drug charges,
his time in the drug case did not
resume running again until his June 2016
sentencing in the drug case.

Also attached is Plaintiff-Appellant's
DOCCS' Time Computation Sheet for the
subject aggravated harassment of an
employee by inmate charges in the instant
matter, demonstrating that Plaintiff-
Appellant has been in DOCCS since
August of 2014.

*4 Pages attached*

*Re: for drug case*

STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES
FIVE POINTS CORRECTIONAL FACILITY

MEMORANDUM

TO:     14A3688     POULOS, TYSON          12-C1-14B

FROM:   N. CRANE, IRC II   *NCrane*

DATE:   10/2/2020

SUBJECT:   Time Computation

------------------------------------------------------------------------------------------------

You are currently receiving credit for 206 days of jail time, certified by Warren County Jail.
*See Jail Time Certificate, previously sent to you, denoting specific dates. Your time commences
on your sentence date, 6/29/2016.

| | | |
|---|---|---|
| | 2020-10-02 | Today's Date |
| − | 2016-06-29 | Sentence Date |
| | 4-03-03 | Time credited in DOCCS |
| + | 0-06-26 | Warren County Jail Time (206 days) |
| | 4-09-29 | *Total Time Served |
| | | |
| | 30-00-00 | Determinate Term |
| − | 4-09-29 | Total Time Served |
| | 25-02-01 | *Remaining Time to Serve |
| | | |
| | 2020-10-02 | Today's Date |
| + | 25-02-01 | Time to Serve |
| | 2045-12-03 | Maximum Expiration Date |

*Write to Albany Sentencing Review with any further inquiries.

/nc
cc: File

Reg For drug case

```
09/28/20  C370PMM     RECEPTION/CLASSIFICATION SYSTEM                KRCLM00
11:59:08  C370N085  B02  BASIC DETERMINATE
DIN: 14A3688    NAME: POULOS, TYSON A               NYSID: 09662902Z
DATE RECEIVED: 08/21/2014           BY:  CCNSKML  07/20/2017  01:34P


HEARING DATE               2037 03    TIME ALLOWANCE COMM DATE    2041 04
HEARING TYPE               MERT       TIME ALLOWANCE COMM TYPE    INIT
TENTATIVE RELEASE DATE                POST-RELEASE SUPERVISION    0003 00 00
GRADUATION DATE                       PRS MAXIMUM EXPIRATION DT


                                      DETERMINATE TERM           0030 00 00
                                      DATE RECEIVED            + 2016 06 29
                                      ~~JAIL TIME~~              ~~0000 06 26~~
                                                                ---- -- --
                                      MAXIMUM EXPIRATION DATE   = 2045 12 02
                                      ~~GOOD TIME POSSIBLE~~     ~~0004 08 14~~
                                                                ---- -- --
                                      CONDITIONAL RELEASE DATE  = 2041 08 18
                                      ~~MERIT TIME POSSIBLE~~    ~~0004 08 14~~
                                                                ---- -- --
                                      MERIT ELIGIBILITY DATE    = 2037 05 04


<ENTER> (CONTINUE)      <PF3> EXIT      <PF4> RETURN  <CLEAR> EXIT(SYS)
                        <PF6> COMMENT                      <PF10> PRINT
```

RECEIVED
2022 APR -4  AM 10: 30
CLERK'S OFFICE
U.S. COURT OF APPEALS

Re: For drug case

      DIN 14A3688     NAME POULOS, TYSON A                   NYSID 09662902Z
      FBI 658103TB6    SEX MALE    DOB 03/14/1984 ETHNIC NOT HISPANIC  RACE WHITE
      STATUS IN CUSTODY    NEW COMMIT     ORIG DATE RECV 08/21/2014   CMC NO
      CURR FAC FIVE PTS KL  CELL 12-C1-14B  OWN FAC FIVE PTS KL  DIS#
      REL                           DIS
      T/O STATUS NONE                          CUSTODIAL KEEP
        CRIMES   TOTAL CRIMES 0005   RECIDIVIST           COMMIT COUNTY
          CRIM SALE CONTR SUBSTANCE 3RD  B              WARREN
          CRIM POSS CONTR SUBSTANCE 3RD  B              WARREN
          CRIM POSS CONTR SUBSTANCE 4TH  C              WARREN
      AGGREGATE TERM 0000 00 00  TO  0030 00 00   ~~EARLIEST RELEASE DATE 08/18/2041~~
      PH DATE/TYPE TENT RLSE  PE DATE    TAC DATE/TYPE COND REL ~~ME DATE YRS~~ ME DT
      03/2037 MERT                 04/2041 INIT 08/18/2041 ~~27/07/2045~~
      WARRANT: FELONY WAR ( N ) MISDEMEANOR WAR ( N ) ICE ( N ) PENDING CHARGES ( N )
            SENTENCE OTHER AGENCY ( N )  DEF SENT ( N )  EXP DATE (          )
      MOST SERIOUS PRI     CRIM POSS WEAP 4TH           CONVICTION
      DATE 01/04/01 TYPE OF SENT LOCAL JAIL & PROBATION  TERM       -
      SECURITY CLASS MAX A  DATE 01/08/20 OTH SEC CHARS YES EXTENDED CLASS RSNS NO
      UNUSUAL INCID YES MOST CURR 11/12/19 TOTAL INCD 008    MED PROB YES
      PD PGM IDLE/SPECIAL HOUSING (2)
      REC LOC                                NEXT DIN:
                                    HTTP://PH/I.ASPX?D=14A3688
       <ENTER> CONTINUE <PF3> EXIT(FUNC) <PF4> RETURN <PF10> PRINT <CLEAR> EXIT(SYS)