To: Ms. Brenda Mojica, Case Manager
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
(electronically filed)

From: Tyson A. Poulos,
Plaintiff-Appellant
Wende Correctional Facility
Wende Road, P.O. Box No. 1187
Alden, New York 14004-1187

Date: June 5, 2022

Re: Poulos v. County of Warren, et al.
Case No. 21-2656-CV

Dear Ms. Mojica,

As you likely are aware, I am the Plaintiff-Appellant in the above-referenced matter, and I am currently acting in a PRO SE capacity.

On Friday I received a letter- dated May 25- from the defense counsel in this matter, addressed to Your Honor, asking that the Court not grant my request for it to consider my March 27, 2022 supplemental submission, in addition to -and in conjunction with- the Opening Brief filed by my former counsel in this matter.

If I may, I am a little bit taken aback both by the Defendants' letter, and their request. Initially, as to the Defendants' contention that "Appellant has disregarded the Court's directive and renewed his previously-failed request to have this Court consider...two aforementioned briefs", I think it's important to note here from the very outset that I DO NOT have access to the Court's electronic Docket, nor has a paper copy of it ever been sent to me, and to date the only "directives" and/or materials which I have received from the Court, is the following:

1.) The Court's Order of April 22, 2022, resulting from the "UNOPPOSED" motion filed by my former counsel in this matter, which stated "Within 21 days of the date of this Order, Appellant must inform the Court whether he wishes for the Court to consider his submission dated March 27, 2022 as his replacement brief, a SUPPLEMENTAL brief, or whether he wishes to rely on the brief filed by counsel" (emphasis is Appellant's),

2.) and a Notice of Defective Filing dated May 6, 2022, notifying me that my initial, prompt, written response to the Court's Directive of April 22, 2022 was rejected, for not serving a copy of it upon the Defendants, and for not filing a "Motion Information Statement", and rescheduling the deadline for me to respond to the Court's Directive of April 22, 2022, to May 27, 2022.

I also, through word of mouth- coming from my former counsel in this matter, received notification that there was a second Notice of Defective Filing in the Court's Docket (one which I

never actually received a copy of), which from what I understand was essentially identical in all respects to the first one, except that the second one was dated on or around May 19, 2022, and in this case it rescheduled the deadline for me to respond to the Court's Directive of April 22, 2022, to June 9, 2022. The second Notice of Defective Filing, on information and belief, resulted from my second, prompt, diligent, attempted written response to the Court's Order and Directive of April 22, 2022, after I learned that the first one- for some reason which was unknown to me at the time- was not in the Court's Docket, as I promptly re-sent the second one out before I ever received the Notice of Defective Filing, for the first one.*

* In all fairness, I didn't know that I would have to provide a "Motion Information Statement" Form to respond to the Court's April 22, 2022 INQUIRY as to how I wished to proceed in this matter, and nor had I theretofore ever been provided with one, which explains why my first two written responses to the Court's April 22, 2022 Directive, was defective. Also, as I didn't initially understand my directed response to the Court's April 22, 2022 inquiry as to how I wished to proceed to be "a motion", I did not, on my first two attempts, serve a copy of it upon the defense counsel, and nor was i able to in any event at the time of my first two attempts, because I was unable to access a prison Law Library, for purposes of procuring photocopies, within the time set forth in the initial deadline.*

I then responded to the Court's April 22, 2022 Directive yet again, in writing, for a third time, on May 24, 2022 (i.e., the date when I provided same in my Institutional Mailbox), within the extended deadline provided for by the Court, and at that time I provided the Court with the required "Motion Information Statement", and Proof of Service. And now, after all of this, only for the Defendants to now frivolously oppose my request to elect to an option which this Court had explicitly offered me by way of its April 22, 2022 Order, while further unjustly attacking me with unfounded accusations of allegedly "disregarding a directive of this Court".

As I explained in my May 24, 2022 submission to this Court (which was actually dated May 22, 2022), I am now inundated with several extremely-time-sensitive legal obligations, each of which having extremely-time-sensitive legal deadlines all running together simultaneously at the same time, and what I could accomplish out there in the world, outside of prison, in a single day with a laptop computer and a cell phone, often takes me up to an entire month's worth of tedious toiling and lucubrating to accomplish from in here, by hand, with all of the obstacles and impediments built into the system here. Wherefore, upon information and belief, it seems that the Defendants are now frivolously opposing my request for harassment purposes, simply to create more work for me to have to do from in here, by hand, by forcing me to have to respond to their frivolous opposition, and unfounded accusations, and I would therefore respectfully request that the Court direct the Defendants not to file any further frivolous pleadings in this matter, designed for apparent harassment purposes, simply to needlessly create more unnecessary work for me to have to do, from in here, by hand.

And yet another apparently intended effect of the Defendants' frivolous Opposition is to delay justice in this matter, and to drag these appellate proceedings out even further, perhaps with the hope that something will happen to me in here, in prison, in the meantime, which these particular Defendants have not been above CAUSING to happen, to me in the past. However, if the Court accepts my March 27, 2022 submission as a supplemental brief, then for all intents and purposes my appeal is now perfected (i.e., with the exception of the filing of a Reply Brief, which, as I

noted in my May 24, 2022 submission, I intend to file), so by needlessly opposing my request it seems that the Defendants are merely trying to delay having to respond, on the merits,** and I Pray that this Esteemed Court will not countenance such frivolous, and dilatory tactics.

**(Indeed, the Defendants are not opposing having to respond to the Opening Brief filed by my former counsel, but rather, they are opposing having to also respond to my March 27, 2022 PRO SE submission. However, if my legal arguments, as a PRO SE litigant, in my March 27, 2022 submission to this Court were frivolous, or were not spot on and extremely compelling, they could actually get away with not having to respond to it at all, anyway. But this is not the case. I would respectfully submit that the Defendants don't want to respond to it, because they know I'm right, and they are now engaging in these frivolous, dilatory tactics, to delay having to respond on the merits, in hopes that something will happen to me in the meantime, so that they'll never have to respond on the merits, and that's just not right.)**

Given my current legal obligations and the present circumstances of my confinement, I would need at least 90 days to file a new brief (which I would have to write out by hand), and it wouldn't be of any avail to the Defendants, as they would ultimately still end up having to respond to all of the same legal arguments which they will now have to respond to, anyway, if my March 27, 2022 submission is treated as a Supplemental Brief. Therefore, I respectfully request that the Court deny the Defendants' Opposition to my request, that it will accept my March 27, 2022 submission as a Supplement to the Opening Brief filed by my former counsel, and set a deadline for the Defendants to answer.

Alternatively, if it is really the purported "two briefs" that the Defendants just don't want to respond to, if they would consent to it, I would consent to a Judicial Order Staying the Prosecution of this appeal, until such time as my direct criminal appeal is decided by the Appellate Division of the State of New York (which will take place within less than one year's time), at which time I will be released and will be able to either retain top-rated counsel who specializes in these types of cases, or I will be able to quickly type out a new brief, on my own, and I would even be willing to throw in the added incentive that if, ARGUENDO, my direct criminal appeal were to not be granted, I would simply consent to a dismissal and waiver of my appeal herein. Which "would be" a victory to the Defendants. Absent their consent and this alternative relief, however, I oppose the Defendants opposition and Pray that this Court will direct the Defendants to respond to my briefs.

I also renew my request to be provided with 30 days to file a Reply Brief, from receipt of the Defendants' Answering Brief, and I hereby respectfully request to be furnished with a paper copy of the Court's electronic Docket, in this matter.

Should the Court have any questions, comments, or concerns, please do not hesitate to contact the undersigned, at Wende Correctional Facility.

Respectfully Submitted,

Tyson A. Poulos,
Plaintiff-Appellant, PRO SE