Case 21-2656, Document 86, 06/14/2022, 3341644, Page1 of 37

J. Poulos-14A3649
Wende Correctional Facility

March 27, 2022

Attn: Hon. Clerk of the Court
United States Court of Appeals
for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

RECEIVED
2022 APR -4 AM 10:29
CLERK'S OFFICE
U.S. COURT OF APPEALS

Re: Poulos v. County of Warren, et al.
Case No. 21-2656

Dear Clerk of the Court,

I am the Plaintiff-Appellant in the above-referenced matter.

Enclosed please find my formal written Request to the Court to invoke and exercise my right to proceed pro se in the above-referenced matter, and to file my own Main Brief in place of the brief that's been filed by counsel, or, in the alternative, if it would please the Court, to either be permitted to file a pro se supplemental brief in

this matter, or for the Court to accept the enclosed letter as a Letter Brief in supplement of Counsel's Main Brief.

Please know that at the current moment, due to repeated prison transfers by DOCCS and other factors beyond my control, I do not have access to a Law Library, to copy and serve the enclosed Request upon the Plaintiff's Counsel, and Defendants' Counsel. As such, I respectfully request that a copy of this letter be sent to the other attorneys in this matter, and placed in the Court's Docket for its consideration.

Also, please know that Law Library access, or lack thereof, will not be a factor in my ability to represent myself, or file a pro se Supplemental Brief, as I have already compiled all of the research and case law necessary to write and prosecute my appeal, and in the event that I do continue to be denied access to the Law Library, I can just send my brief out of the facility to be copied and served, and filed with the Court. Moreover, I believe that the Esteemed

Case 21-2656, Document 86, 06/14/2022, 3341644, Page3 of 37

Justices of this Court can determine for themselves how qualified I am to file a very compelling and competent pro se brief in this matter, based upon my enclosed letter to the Court.

My mailing address is as follows:

Tyson A. Poulos,
DOCCS DIN No. 14A3688
Wende Correctional Facility
Wende Road, P.O. Box 1187
Alden, New York 14004-1187

I thank you in advance for your attention to this very important matter.

Respectfully Submitted,

[signature]

T. Poulos,
Plaintiff-Appellant

* Declaration of Inmate Filing can be found at Page No. 31.

Case 21-2656, Document 86, 06/14/2022, 3341644, Page4 of 37

T. Poulos - 17A3606
Wende Correctional Facility
Wende Road, P.O. Box 1187
Alden, New York 14004-1187

March 17, 2022

Attn: United States Court of Appeals
For the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

RECEIVED
2022 APR -4 AM 10:30
CLERK'S OFFICE
COURT OF APPEALS

Re: Poulos v. County of Warren, et al.
Case No. 21-2656

Dear Esteemed Justices,

I am the Plaintiff-Appellant in the above-referenced matter.

I write at this time to respectfully request that the Court accept this letter as my formal request to invoke my right to proceed Pro se in the above-entitled matter, and to be permitted to file my own brief in place of the brief filed by my current counsel, Mr. Philip M. Hines, Esq.

More Specifically, I would like to invoke my right to self-representation in the matter of this very important appeal, but I condition this request upon my equally important and closely related request to be permitted to file my own brief, in place of the brief that's been filed on my behalf, by counsel. Alternatively, and most preferably, please know that if it would please the Court I am more than willing to continue proceeding with the aid of counsel, if this Court would permit me to file a Pro Se supplemental brief in this matter, in the interest of Justice. My grounds for these requests are manifold, and are as follows:

Initially, please know that I did not have an adequate and meaningful opportunity to review, fact-check, and go over the brief filed with the Court by my attorney, and to offer crucial input and feedback, before the brief was filed, even though the Court - recognizing the importance of this - did grant my

attorney a brief extension for that purpose.

My attorney attempted to e-mail me a draft of the brief for my review before he filed it, on January 26, but DOCCS prison officials illegally and maliciously blocked it for well over a month until significantly after the brief had ultimately been filed, ostensibly because they did not like the fact that it named corrections officers as Defendants. After my attorney realized what was happening he then sent me a hard copy of the brief through the U.S. Mail, which I didn't initially receive. And then, before I could receive it, DOCCS then hit me with what amounted to its second retaliatory prison transfer of me since December, on February 7. In an effort to protest the repeated retaliatory prison transfers wherein DOCCS officials would also steal and/or destroy and/or cause me to lose all of my personal property (including my

Case 21-2656, Document 86, 06/14/2022, 3341644, Page7 of 37

typewriter) each time anew, and various other rampant, blatant violations of my Constitutional rights, at that point I ended up going on a hunger strike, and thereafter was essentially legally incapacitated in the facility medical infirmary, at Elmira Correctional Facility, for over a month. While legally incapacitated in the facility medical infirmary without access to the Law Library, and also without access to my property, legal work, writing supplies, pen, paper, or tablet, I then finally received the hard copy of the draft that my attorney had sent to me, on February 9, just two days before the filing deadline. I point out that, while in the infirmary, I was only allowed to make a total of two 10 to 15 minute calls, per week. I did speak to my attorney very briefly about the brief on February 10, but unfortunately due to the extremely restrictive circumstances of my confinement

I was not able to go through much of the brief with him at that time. This ultimately resulted in a brief being filed that contained certain factual errors, inaccuracies, and/or mistakes, and other crucial omissions, which, if denied the relief requested herein, the defendants will potentially be able to twist and exploit in an effort to deny me long-overdue justice and bring about an unjust result here, to the detriment of my constitutional rights.

Another major consideration implicit in my request is both the Court's and Society's interest in reaching the correct result here. The questions presented in this appeal have never been specifically answered by this Court before, and I cannot emphasize enough the crucial need and importance of Plaintiff's case being adequately briefed and addressed in this matter, in order to ensure that the Court is not

misled. And while my attorney did make some very compelling points in his brief, it did contain mistakes and omissions that could potentially be exploited if I am not allowed to either file a Pro Se supplemental brief to fill in the blanks and patch up the holes, or go Pro Se and file my own brief in its place. Although I am not an attorney, I do have some legal training, See, e.g., People v. Poulos, 144 A.D.3d 1389, 1392 (3rd Dpt. 2016), and I am very confident in my ability to write a more compelling brief in this matter, than most licensed attorneys.

As example, although my attorney correctly pointed out, in Point VI of his brief - that favorable termination should be the accrual date for my conspiracy claims, which is based upon a conspiracy to maliciously prosecute and also a conspiracy to fabricate evidence and deny a fair trial, he improvidently based that argument on largely irrelevant case law about "overt acts", and the defendants are likely to second that charade in an

attempt to lead the Court down that same rabbit hole (i.e., in an ostensibly bad-faithed attempt to lead the Court in the wrong direction, when they respond, just as they have already done, with unjustified success, at the District Court level). Thus, neither attorney in this action is likely to make the appropriate and correct argument, which is that favorable termination can be the only tenable accrual date for my conspiracy to maliciously prosecute and conspiracy to deny a fair trial claim (i.e., premised upon fabrication of evidence), as success on such a claim would undoubtedly had impugned any subsequent conviction on the underlying aggravated harassment of an employee charges, if I had brought the claim sooner, in blatant violation of clearly-established, controlling Supreme Court precedents which have been the law of the land in this Country for nearly three (3) decades now. See, e.g., Heck v. Humphrey, 512 U.S. 477, 484-485 (1994), and McDonough v. Smith,

139 S.Ct. 2149 (2019). As reaffirmed once again by the United States Supreme Court, in McDonough v. Smith:

"The favorable termination requirement, the Court explained, applies whenever 'a judgment in favor of the plaintiff would necessarily imply' that his prior conviction ... was invalid."

Id., at 2157, citing Heck at 487.

For this same reason, Plaintiff's False imprisonment claim in the instant matter, which is based upon the theory of fabrication of probable cause as espoused by the United States Supreme Court in Manuel v. City of Joliet, 137 S.Ct. 911 (2017), is also timely and could not viably have accrued before favorable termination. Moreover, I also point out that it would be improper to have brought a conspiracy to maliciously prosecute claim, or a conspiracy to fabricate evidence and deny a fair trial claim, before the actual underlying

claims themselves had accrued. For example, it is already well-settled in this Circuit that "[If] a plaintiff fails to show an underlying constitutional violation upon which to base a Section 1983 conspiracy claim, the conspiracy claim fails as a matter of law". See, Cameron v. Wise, 2011 WL 1496341 (S.D.N.Y., April 20, 2011) (emphasis added), citing Curley v. Vill of Suffern, 268 F.3d 65, 72 (2nd Cir. 2011) (Which stated: "Since plaintiff cannot establish a claim for false arrest or use of excessive force, he may not maintain a separate § 1983 cause of action for conspiracy"), citing Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2nd Cir. 1995). Here, the Defendants conceded, at Page No. 9 of their MOL at the District Court level, that Plaintiff's malicious prosecution and Fair Trial claim was not time barred, as both of these underlying causes of action, upon which Plaintiff's conspiracy claim is based, undoubtedly accrued upon Plaintiff's

January 29, 2018 acquittal of the allegedly-fabricated charges. And therefore, because, "as a matter of law", Plaintiff's conspiracy to maliciously prosecute claim was not complete and would had "failed" at any point prior to the actual accruall of the underlying malicious prosecution claim, and because Plaintiff's conspiracy to deny a fair trial claim was not complete and would had "failed as a matter of law" at any point prior to the actual accrual of the underlying fair trial claim, by operation of law Plaintiff's claims vis-à-vis a conspiracy to maliciously prosecute and deprive him of a fair trial could not possibly had accrued until those two underlying claims accrued, all at the same time, upon Plaintiff's January 29 2018 acquittal. Moreover, it also bears mentioning that to hold otherwise would also create the untenable result where a Plaintiff could circumvent the favorable termination element and requirement antecedent to malicious prosecution claims altogether, by simply

Pleading this Malicious Prosecution claim as a Conspiracy to Maliciously Prosecute claim.

As demonstrated above, these are the correct arguments that need to be briefed in this matter, where the Court has never specifically answered the question of when a conspiracy to Maliciously Prosecute claim, or when a Conspiracy to Fabricate evidence and deny a Fair trial claim, accrues, and the Court's Decision in this case is going to become Landmark Precedent in this Circuit, paving the way and providing guidance and instruction for future courts and litigants.(1)

Footnote No. 1 - Such a Precedent is ostensibly needed in this Circuit, where in the absence of such specific guidance the Court below ruled that the accrual date for Plaintiff's conspiracy to Maliciously Prosecute claim was determined by "overt acts" and not the Heck rule, and that it accrued in 2014 - well before the Malicious Prosecution claim itself had accrued.

Similarly, in this same vein, the Court will also have to answer the novel question of when a false imprisonment claim that is premised upon a fabrication of probable cause theory accrues, and as demonstrated above, neither of the attorneys in this matter will make the appropriate Heck argument.

An equally novel and extremely consequential question that the Court will be tasked with answering in this appeal, is whether an inmate who was maliciously prosecuted for new, fabricated criminal charges while already in Jail can ever, under any circumstances, demonstrate the deprivation of a liberty interest, consequent of the new malicious prosecution. The Court below, relying upon other, significantly distinguished District Court decisions, seemed to reach the untenable conclusion that no inmate can ever establish the deprivation of a liberty interest. I believe that my attorney made the proper compelling legal argument

in this regard, but without my crucial input and feedback he seemed to stumble on the facts. Nevertheless, the facts, as plausibly pleaded in my SAC, do demonstrate that I did in fact suffer several extremely egregious deprivations of my liberty interests consequent of the new / malicious prosecution, but the District Court erred in failing to take cognizance of those plausibly pleaded factual allegations. As such, I believe that some clarification is in order here, which apparently only I can provide.

It was plausibly pleaded in my SAC that on April 4, 2014, I was ROR'd on the drug charges that I was initially in jail for at the time when I was allegedly framed for the allegedly-fabricated aggravated harassment of an employee by inmate charges, but that I continued to remain wrongly imprisoned by Warren County, at the Warren County Jail, solely as a result of the allegedly-fabricated aggravated harassment of

an employee by inmate charges (See SAC, at Par. 89). However, the SAC failed to clarify for exactly how long that first ROB had lasted for, and my attorney wrote -- in his brief filed with this Court -- that there was some "confusion" as to how long it lasted for. Thus, I would be able to clarify with specificity, at least in a footnote, that that first ROB lasted from April 4, 2014, to April 30th, 2014.

It was plausibly pleaded in my SAC that I was wrongly convicted of the allegedly-fabricated aggravated harassment of an employee by inmate charges on August 8, 2014 (See SAC, at Par. 90), and that on August 13, 2014 I was sentenced to an aggregate of ten years in state prison as a result of my wrongful convictions on the fabricated charges (See SAC, at Par. 91), and that on or around the day after I was sentenced to ten years in state prison for the

allegedly-fabricated aggravated harassment charges, I was then once again ROR'd on the drug charges (see SAC, at Par. 94), and that when I was initially sent to State Prison - in August of 2014 - it was solely based on my wrongful convictions stemming from the malicious prosecution for the fabricated criminal charges in the instant matter (see SAC, at Pars. 96-97). Obviously, the District Court completely disregarded all of these plausibly pleaded, material facts in reaching its conclusion that I allegedly did not suffer the deprivation of a liberty interest in the instant matter - consequent of the new malicious prosecution, which was error.

Nevertheless, I feel that an offer of proof should be made here.[2] For example,

Footnote No. 2 - I have attached three (3) exhibits to this letter, merely as an informal offer of proof, simply because the court below inexplicably failed to take cognizance of the plausibly pleaded factual allegations in my SAC!

attached hereto as Exhibit A, I attached a document demonstrating that I was indeed RoR'd again on the drug charges, in August of 2014. Attached hereto as Exhibit B, I also have attached documentation from the New York State Department of Correctional Services, demonstrating that after the August 2014 RoR on the drug charges, my time did not begin to count again towards the drug charges until I was sentenced in that case, in June of 2016, meaning that I remained wrongfully imprisoned in DOCCS solely on account of the allegedly-fabricated aggravated harassment of an employee by inmate charges, from August of 2014, to June of 2016 when I was sentenced in the drug case, constituting approximately two entire years of wrongful imprisonment in DOCCS that I suffered as a result of the instant malicious prosecution.

Of course, as this Court has previously pointed out in Murphy v. Lynn, 118 F.3d 938, at 945, "The

liberty deprivations regulated by the Fourth Amendment "are not limited to physical detention". (emphasis added). And here, the Court has the opportunity to clear up some apparent confusion amongst some of the District Courts in this Circuit, which resulted in the court below absurdly holding that because "Plaintiff's Complaint makes clear that he was in prison [sic] before the alleged incident and following his acquittal for unrelated drug charges[3]... Plaintiff therefore cannot allege a deprivation of liberty and cannot allege any constitutional violations." (emphasis added). In so holding the Court below completely

Footnote No. 3 - Although inapposite to the point now being made, actually, Plaintiff was only a pretrial detainee at a local detention facility "before the incident", and was subsequently ROR'd two times on those "unrelated drug charges", and spent approximately two years in prison solely as a result of the instant fabricated charges.

disregarded rampant plausibly pleaded deprivations of my liberty interests, which I suffered as a result of the instant malicious prosecution, in blatant contravention of this Court's holding in Murphy. For example, it was plausibly pleaded that I was subjected to over $5,000.00 worth of various different fines and fees which were maliciously attached to my state prison inmate account, at a time when I was indigent, so that all monies that would be sent to me while wrongly imprisoned in DOCCS on the fabricated charges would be "unjustly seized" and sent to the Defendant, Warren County (See SAC, at Pars. 91, and 98), which by itself constituted an unconstitutional seizure, in violation of my Fourth Amendment liberty interests, does it not? It was further plausibly pleaded that this resulted in me spending approximately two entire years while wrongfully imprisoned in DOCCS on the fabricated charges without ever being able to purchase

even so much as a stick of deodorant, or other rudimentary hygienic products, or food, or even stamps to maintain communication with my family, thus rendering my time in State Prison on these false charges atypically and significantly harsher than usual, and depriving me of my liberty interests arising under the Eighth Amendment (See SAC, Pars. 97-99)(4). It was further plausibly pleaded that due to the nature of the fabricated charges for which I was then wrongfully imprisoned in DOCCS, I was repeatedly singled out and targeted for abuse, harassment and beatings by the guards in State Prison, including one such

Footnote No. 4 - This Court also clarified in Murphey v. Lynn, at 944-945, that the deprivation of any Constitutional right suffered as a result of a criminal prosecution "has Fourth Amendment relevance", and will suffice to satisfy the Fourth Amendment deprivation of liberty prong of a Plaintiff's Section 1983 malicious prosecution claim.

instance that resulted in me sustaining multiple rib fractures and vertebrae damage, again resulting in a deprivation of my Eighth Amendment liberty interests (See SAC, at Par. 101). It was further plausibly pleaded that I lost my very important pretrial detainee rights and status in the drug case, as a result of my wrongful convictions vis-a-vis the instant malicious prosecution for the fabricated Jail charges (See SAC, Pars. 94, 102), which again was also a very significant degradation of my liberty interests. To this end, it bears mentioning that even if, arguendo, I had not been ROR'd again on the drug charges in August of 2014, and even if, arguendo, the time in the drug case had continued to run, it was still plausibly pleaded that I remained wrongly imprisoned in the generally far more restrictive and harsh New York State Prison System - a far more restrictive level of confinement designed for the punishment of convicts as opposed to the mere pretrial detention of detainees still presumed to be

innocent - from August of 2014 to June of 2016, solely as a result of my wrongful convictions for the false aggravated harassment of an employee by inmate charges (see SAC, at Pars. 94, 96-97, 102, 105), which again constituted yet another level of wrongful confinement and a very consequential degradation of my liberty interests. It was also plausibly pleaded that my eventual consecutive sentence in the drug case was extended, based upon my now-overturned convictions in the instant matter (see SAC, at Pars. 103-104), in violation of my liberty interests. It was also plausibly pleaded that I incurred an over $40,000.00 loss, in having to defend against the vexatious, malicious prosecution (see SAC, at Par. 106), degrading and depriving me of my property interests, in violation of my liberty interests. It was also plausibly pleaded that I suffered a permanent impairment of earning capacity (see SAC, at Par. 137) due to the egregious injury to reputation and prima facie defamation

that I suffered as a result of having to defend against the vexatious, malicious prosecution. Taken together, it is clear that your Plaintiff-Appellant in the instant matter has suffered far more severe and life-altering deprivations of his liberty interests than the Plaintiff in Murphy v. Lynn, notwithstanding the fact that he was "an inmate", for various different reasons, at various different points in time.

My fear is that, if this Court were to hold that prison guards who frame and maliciously prosecute inmates cannot be sued for malicious prosecution and held accountable, merely because the Plaintiff was "an inmate", or more specifically, that an incarcerated Plaintiff should not be permitted the same liberty-interests factual analysis as that which was afforded to the non-incarcerated Plaintiff in Murphy v. Lynn, it will undoubtedly serve to encourage the type of abuse and misconduct alleged herein, in some very dark quarters of this Circuit.

And to make no mistake about it, as ridiculous as that may now sound, that is exactly how the very crafty defense counsel in this case is going to be asking the Court to rule in this matter, Just as he did, with success, at the District Court level. Which is why I now feel a tremendous weight on my shoulders as the Plaintiff-Appellant in the matter of this very important, consequential appeal, i.e., because I know what the devastating consequences of that will be all too well, and I am not sure that I feel comfortable ceding all control in this extremely complex, fact-intensive appeal to an attorney who may potentially be coming across as not knowing the facts of his own case, which in turn opens the door for the defendants to twist the facts, as they did so skillfully at the District Court level. Accordingly, if it would please the Court I would strongly prefer to continue proceeding with the aid of

counsel, if I can file a Pro se supplemental brief, or even merely if this letter can be accepted and treated by the Equitable Court as a Letter Brief in support and supplement of counsel's Main Brief (which solution would presumably be quicker, easier and less burdensome on the Court), but absent this relief please know that I am seeking unequivocally to invoke my right to be Pro se and file my own brief in this matter.

And finally, in the event that this letter cannot be accepted and treated as a Letter Brief by the Court, I would also like to very briefly address, in a Brief, or, in a Pro se supplemental Brief, the following two points, which my attorney did not address:

1.) To the extent that the Court below dismissed Plaintiff's Denial of a Fair Trial Claim on the ground that he allegedly

failed to plead a deprivation of a liberty interest, it is important to note that even if, arguendo, that were true, this claim can also be satisfied by the showing of a deprivation of a property interest, which Plaintiff has pleaded in spades (See, SAC, at Pars. 91; 98; 106). See, e.g., Garnett v. Undercover Officer C0039, 838 F.3d 265, 279 (2nd Cir. 2016) (Holding that a plaintiff states a claim for denial of his right to a fair trial when he shows that an official fabricates information likely to influence a jury's verdict, forwards that information to prosecutors, and "plaintiff suffers a deprivation of life, liberty, or property as a result") (emphasis is Plaintiff's).

2.7 With respect to the District Court's denial of Plaintiff's request for leave to amend the Complaint, it should be noted that "when a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." See Ronzani v. Sanofi S.A., 899 F.2d 195, 198 (2nd Cir.

1990); accord Alexander v. Cuomo, 2018 WL 2041576 (N.D.N.Y., February 26, 2018). "If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits". Eldridge v. Rochester City School Dist., 968 F. Supp. 2d 546, 553 (W.D.N.Y., 2013), citing United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank and Trust Co. of Chicago, 889 F.2d 1248, 1254 (2nd Cir. 1989); see also Middle Atlantic Utilities Co. v. S.M.W. Development Corp., 392 F.2d 380, at 384-385 (2nd Cir. 1968). It is respectfully submitted that even if this Court determines that one or more of Plaintiff's claims have been inadequately pleaded, what is clear here is that the underlying plausibly pleaded facts and circumstances upon which Plaintiff relies do furnish a proper subject of relief, and he should therefore be afforded the opportunity to test his claim on its merits.

In the event that the Court don't accept this letter as a Letter Brief to supplement counsel's Main Brief, but instead grants my request to File a Pro se Supplemental Brief, or to go Pro se and File my own Main Brief, Please Know that I respectfully request to be furnished with a copy of the Appendix in this matter.

I thank the Court in advance for its consideration and attention to this very important matter.

Respectfully Submitted,

T. Poulos,
DOCCS DIN No. 14A3688
Wende Correctional Facility

Case 21-2656, Document 86, 06/14/2022, 3331644, Page31 of 37

T. Poulos #A3666
Wende Correctional Facility

March 27, 2022

Attn: United States Court of Appeals
For the Second Circuit

Re: Declaration of Inmate Filing
Poulos v. County of Warren, et al.
Case No. 21-2656

I am an inmate confined in an institution. Today, March 27, 2022, I am depositing the attached and incorporated Formal request to invoke and excercise my right to self-representation in this matter, and for various other alternative relief, in the institution's internal mail system. Postage for Certified Mail is being prepaid by me.

I declare under the Penalty of Perjury that the Foregoing is true and correct, in accordance with 28 U.S.C. § 1746, and 18 U.S.C. § 1621.

[signature]
Tyson A. Poulos

Signed and Sworn to on 3-27-22

# Exhibit A

Re: Document dated August 19, 2014, demonstrating that Plaintiff was once again ROR'd on the drug charges, on or around the day after he was sentenced to ten (10) years in State Prison for the Maliciously Fabricated aggravated harassment of an employee by inmate charges in the instant Matter, and thus that, contrary to the District Court's holding below, he did Not remain imprisoned on the unrelated drug charges for the entire duration of the Malicious Prosecution in the instant Matter.

**Robert Gregor, Esq.**
3 Lake Avenue
Lake George, NY 12845
Phone: (518) 222-1535
Fax: (518) 615-1243
Robert_Gregor@yahoo.com

August 19, 2014

Honorable John S. Hall, Jr. (via hand delivery only)
Warren County Court
1340 State Route 9
Lake George, NY 12845

Re: *People v. Tyson A. Poulos (2014-080-I)*

Judge Hall:

This letter is in response to your decision to release Mr. Poulos on his own recognizance with respect to the above referenced indictment. After consulting with Mr. Poulos, the defense objects to the Court's decision and respectfully requests that the Court reconsider its decision and maintain bail at previous levels. The defense notes that releasing Mr. Poulos on his own recognizance effectively ends his time in Warren County Jail and begins his time in the New York State prison system. This complicates communications between Mr. Poulos and defense counsel and could hinder counsel's ability to effectively prepare for Mr. Poulos' trial on the above referenced indictment.

Thank you for your time and consideration in this matter. I am available to discuss at the Court's convenience.

Sincerely,

Robert Gregor, Esq.

With copies to:
Matthew D. Burin
Tyson A. Poulos

# Exhibit B

Re: Plaintiff-Appellant's DOCCS' Time Computation Sheet for the unrelated drug charges, together with an attached and incorporated Memorandum from a DOCCS Inmate Records Coordinator, demonstrating that following Plaintiff-Appellant's August 2014 ROR on the drug charges, his time in the drug case did not resume running again until his June 2016 sentencing in the drug case.

Also attached is Plaintiff-Appellant's DOCCS' Time Computation Sheet for the subject aggravated harassment of an employee by inmate charges in the instant matter, demonstrating that Plaintiff-Appellant has been in DOCCS since August of 2014.

* 4 Pages attached

Re: for drug case

STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES
FIVE POINTS CORRECTIONAL FACILITY

MEMORANDUM

TO: 14A3688 POULOS, TYSON 12-C1-14B

FROM: N. CRANE, IRC II NCrane

DATE: 10/2/2020

SUBJECT: Time Computation

---

You are currently receiving credit for 206 days of jail time, certified by Warren County Jail. *See Jail Time Certificate, previously sent to you, denoting specific dates. Your time commences on your sentence date, 6/29/2016.

| | |
|---|---|
| 2020-10-02 | Today's Date |
| - 2016-06-29 | Sentence Date |
| 4-03-03 | Time credited in DOCCS |
| + 0-06-26 | Warren County Jail Time (206 days) |
| 4-09-29 | *Total Time Served |
| | |
| 30-00-00 | Determinate Term |
| - 4-09-29 | Total Time Served |
| 25-02-01 | *Remaining Time to Serve |
| | |
| 2020-10-02 | Today's Date |
| + 25-02-01 | Time to Serve |
| 2045-12-03 | Maximum Expiration Date |

*Write to Albany Sentencing Review with any further inquiries.

/nc
cc: File

Re: For drug case

09/28/20 C370PMM RECEPTION/CLASSIFICATION SYSTEM KRCLM00
11:59:08 C370N085 **B02 BASIC DETERMINATE**
DIN: **14A3688** NAME: **POULOS, TYSON A** NYSID: **09662902Z**
DATE RECEIVED: **08/21/2014** BY: **CCNSKML 07/20/2017 01:34P**

| | | | |
|---|---|---|---|
| HEARING DATE | 2037 03 | TIME ALLOWANCE COMM DATE | 2041 04 |
| HEARING TYPE | MERT | TIME ALLOWANCE COMM TYPE | INIT |
| TENTATIVE RELEASE DATE | | POST-RELEASE SUPERVISION | 0003 00 00 |
| GRADUATION DATE | | PRS MAXIMUM EXPIRATION DT | |

| | | |
|---|---|---|
| DETERMINATE TERM | | 0030 00 00 |
| DATE RECEIVED | + | 2016 06 29 |
| JAIL TIME | - | 0000 06 26 |
| | | ---- -- -- |
| MAXIMUM EXPIRATION DATE | = | 2045 12 02 |
| GOOD TIME POSSIBLE | - | 0004 03 14 |
| | | ---- -- -- |
| CONDITIONAL RELEASE DATE | = | 2041 08 18 |
| MERIT TIME POSSIBLE | - | 0004 03 14 |
| | | ---- -- -- |
| MERIT ELIGIBILITY DATE | = | 2037 05 04 |

**<ENTER>** (CONTINUE) **<PF3>** EXIT **<PF4>** RETURN **<CLEAR>** EXIT(SYS)
**<PF6>** COMMENT **<PF10>** PRINT

RECEIVED
2022 APR -4 AM 10:30
CLERK'S OFFICE
U.S. COURT OF APPEALS

Reg for drug case

09/28/20 *** FPMS INMATE OVERVIEW *** KINQM15

DIN **14A3688** NAME **POULOS, TYSON A** NYSID **09662902Z**
FBI **658103TB6** SEX **MALE** DOB **03/14/1984** ETHNIC **NOT HISPANIC** RACE **WHITE**
STATUS **IN CUSTODY** **NEW COMMIT** ORIG DATE RECV **08/21/2014** CMC **NO**
CURR FAC **FIVE PTS KL** CELL **12-C1-14B** OWN FAC **FIVE PTS KL** DIS#
REL DIS
T/O STATUS **NONE** CUSTODIAL **KEEP**
CRIMES TOTAL CRIMES **0005** **RECIDIVIST** COMMIT COUNTY
**CRIM SALE CONTR SUBSTANCE 3RD B** **WARREN**
**CRIM POSS CONTR SUBSTANCE 3RD B** **WARREN**
**CRIM POSS CONTR SUBSTANCE 4TH C** **WARREN**
AGGREGATE TERM **0000 00 00** TO **0030 00 00** EARLIEST RELEASE DATE 08/18/2041
PH DATE/TYPE TENT RLSE PE DATE TAC DATE/TYPE COND REL [redacted] PRS ME DT
**03/2037 MERT** **04/2041 INIT 08/18/2041** [redacted]
WARRANT: FELONY WAR ( **N** ) MISDEMEANOR WAR ( **N** ) ICE ( **N** ) PENDING CHARGES ( **N** )
SENTENCE OTHER AGENCY ( **N** ) DEF SENT ( **N** ) EXP DATE ( )
MOST SERIOUS PRI **CRIM POSS WEAP 4TH** **CONVICTION**
DATE **01/04/01** TYPE OF SENT **LOCAL JAIL & PROBATION** TERM -
SECURITY CLASS **MAX A** DATE **01/08/20** OTH SEC CHARS **YES** EXTENDED CLASS RSNS **NO**
UNUSUAL INCID **YES** MOST CURR **11/12/19** TOTAL INCD **008** MED PROB **YES**
PD PGM **IDLE/SPECIAL HOUSING (2)**
REC LOC NEXT DIN:
HTTP://PH/I.ASPX?D=14A3688

**<ENTER>** CONTINUE **<PF3>** EXIT(FUNC) **<PF4>** RETURN **<PF10>** PRINT **<CLEAR>** EXIT(SYS)